UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD LARABY, 94-B-1648

                Petitioner,

        -v-                                    04-CV-6264(MAT)
                                               **ORDER**
ANTHONY ZON, Superintendent of
Wende Correctional Facility

                Respondent.

_____

I.    **Introduction**

        Petitioner Edward Laraby ("Laraby" or "petitioner") filed this
*pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254 challenging his conviction on May 30, 2002  in Cayuga County
Court on two counts of Attempted Murder in the First Degree (N.Y.
Penal Law §§ 110.10/125.27(1)(a)(iii), (1)(a)(iv)) and one count of
Attempted  Escape  in  the  Second  Degree  (N.Y.  Penal  Law
§§ 110.10/205.10) following a jury trial before Judge Peter E.
Corning. Laraby was sentenced to concurrent terms of 25 years to
life in prison for the two attempted murder convictions and a
concurrent term of one year for the attempted escape conviction.
These sentences were ordered to run consecutively with the 25-year-
to-life prison term that petitioner was already serving at the time
of the crime.  For the reasons that follow, Laraby's petition for
habeas relief is denied and this action is dismissed.

## II.  Factual and Procedural History

In July, 2001, while serving a 25-year-to-life sentence in Auburn Correctional Facility in New York State on a conviction of sexual abuse and attempted assault, petitioner was temporarily confined under guard at the Auburn Memorial Hospital after complaining of chest pains.  On July 29, 2001, while one of the two corrections officers assigned to guard him left briefly for the restroom, Laraby took the nurses' call cord, wrapped it around Correction Officer Patrick Kealy's ("Kealy") neck, and attempted to strangle him.  During the struggle, the officer managed to free himself, but sustained injuries to his chest, arms, and neck.

Petitioner was charged with two counts of Attempted Murder in the First Degree and one count of Attempted Escape in the Second Degree.  See Respondent's ("Resp't") Ex. B at 6 (Dkt. #5). Following his arraignment on October 12, 2001, Laraby's trial counsel filed a notice of intent to present psychiatric evidence pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 250.10.[1] See Resp't Ex. B at 16. The trial court granted petitioner's motion to "hire a psychiatrist to evaluate those aspects of the case that you feel

---

[1] "Psychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence. Such notice must be served and filed before trial and not more than thirty days after entry of the plea of not guilty to the indictment. In the interest of justice and for good cause shown, however, the court may permit such service and filing to be made at any later time prior to the close of the evidence." C.P.L. § 250.10(2).

are relevant to that, [sic] possible defenses that would be available" Ex. J, Mot. Tr. at 3. In a written decision and order, the trial court memorialized its oral findings, and granted petitioner's application for a preliminary psychiatric evaluation. Ex. B at 22. The record does not indicate, however, that any psychiatric evaluation was ever conducted.

At trial, Laraby testified on his own behalf. He admitted that he had placed the call cord around Officer Kealy's neck, but claimed that he had done so only to facilitate his own escape, and did not intend to kill the officer. T. 300-04.[2] He further testified that he was motivated to escape because his life was in danger as a result of being identified as a "snitch" who had cooperated with corrections officials trying to locate weapons at the facility. T. 273-75. According to petitioner, the prison administration had received anonymous notes threatening Laraby. Petitioner was placed in protective custody after being stabbed by another inmate, but the threats of violence and harassment continued. T. 273-93. Petitioner requested, but was denied a justification charge by the court.[3]

During final jury instructions, the trial court gave an extensive charge on the issue of intent without objection by

---

[2] Citations to "T.__" refer to the trial transcript.

[3] Pages 324 to 335 are missing from the trial transcript, wherein petitioner requested the justification charge and the trial court denied the request. See Ex. A at 10; Ex. C at 29 (Dkt. #5).

petitioner. T. 401-02, 417-19. The jury found Laraby guilty on all counts. T. 439-42. He was then sentenced as a second felony offender to concurrent terms of 25 years to life on the attempted murder convictions and a concurrent definite sentence of one year on the attempted escape.[4] Sentencing Tr. 3, 8-15. The sentences were to run consecutively to the 25-years-to-life sentence that petitioner was already serving at the time he committed the instant crimes. Id. at 16.

In a *pro se* motion dated September 14, 2002, Laraby moved to vacate his judgment of conviction under C.P.L. § 440.10(1)(h), arguing that he had received ineffective assistance of counsel and suffered from a mental disease or defect. Ex. B 253-64. The state court summarily denied petitioner's motion, citing C.P.L. § 440.10(2)(B), as the claims were reviewable in petitioner's pending appeal. Ex. B at 249.

Petitioner, through counsel, raised six claims on direct appeal to the Appellate Division, Fourth Department, alleging: (1) ineffective assistance of trial counsel; (2) that the trial court failed to comply with the procedural mandates of C.P.L. § 730; (3) the jury instructions improperly defined the substantive crimes and the element of intent; (4) the court deprived petitioner of a fair trial for refusing to instruct the jury on the defense of

---

[4] At sentencing, petitioner admitted to one previous felony conviction. The record shows, however, that petitioner has an extensive criminal history, including multiple serious felonies and lesser offenses dating back to 1974. T. 308-09.

justification; (5) insufficient evidence to support the verdict and the verdict was against the weight of the evidence; and (6) the county court erred in denying petitioner's 440.10 motion without an evidentiary hearing. <u>See</u> Resp't Ex. A.

The Appellate Division unanimously affirmed petitioner's judgment of conviction and the court's §440.10 decision. <u>People v. Laraby</u>, 4 A.D.3d 749 (4th Dept. 2004). Leave to appeal the conviction to the New York Court of Appeals was also denied. <u>People v. Laraby</u>, 2 N.Y.3d 802 (2004).

Laraby then brought this petition for habeas corpus, alleging five grounds for relief. (Dkt. #1).

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. <u>See</u> 28 U.S.C. § 2254(d)(1),(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 375-76 (2000).

### 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984). "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Jimenez v. Walker, 458 F.3d 130, 148-149 (2d Cir. 2006) (internal citations and quotation marks omitted).

Federal courts will be procedurally defaulted from habeas review of a "question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . whether the state law ground is substantive or procedural." Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003)

(describing the "adequate and independent state grounds" doctrine); see Harris v. Reed, 489 U.S. 255, 261 (1989). The bar on habeas review resulting from a procedural default applies even where the state court issues an alternative holding addressing a procedurally defaulted claim on the merits. See, e.g., Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (*per curiam*). If the petitioner can "show both cause and prejudice, or a fundamental miscarriage of justice," however, federal court review may be allowed. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000).

Respondent concedes that all of petitioner's claims have been exhausted in the state courts. Resp't Mem. at 14 (Dkt. # 6). The Court now turns to the merits of Laraby's habeas petition.

**B.    Merits of the Petition**

**1.    Ineffective Assistance of Trial Counsel**

Laraby first makes a number of complaints about the conduct of trial counsel, many of which center on counsel's alleged failure to investigate or present evidence of Laraby's mental instability and competency to stand trial. Petition ("Pet.") ¶ 22(A) (Dkt. #1). He also complains that counsel (i) failed to obtain a ruling on the sufficiency of the grand jury minutes; (ii) failed to preserve issues for appellate review; (iii) failed to obtain documents and testimony given at petitioner's prison disciplinary hearing; (iv) argued a defense of justification after the court declined to

instruct the jury on that defense; and (v) failed to move to set aside the verdicts as repugnant. Pet. at Attach. 7A. The Appellate Division, Fourth Department, rejected petitioner's ineffective assistance of counsel claim on the merits. People v. Laraby, 4 A.D.3d 749 (4th Dept. 2004).

The standard for reviewing claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court held that in order to prevail on such a claim, a petitioner must show that his counsel provided deficient representation and that the petitioner suffered prejudice as a result of the deficient performance. Strickland, 466 U.S. at 687-88. Under the first prong, counsel's conduct must have so undermined the adversarial process that the process cannot be relied upon as having a just result. Id. at 686. Counsel is "strongly presumed" to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Id. at 689. In this regard, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. Id. at 690. As to the second prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional or erroneous advice, the result of the proceeding would have been different. Id.

With respect to Laraby's suggestion that counsel failed to investigate and present a mental health defense, the record establishes that counsel made a reasonable strategic decision not to present this defense. Petitioner's trial testimony indicates that a psychological defense would not have been available to him, since petitioner was able to testify explicitly about his intent at the time he attacked Officer Kealy. T. 300-04. Based on his testimony, there is no support in the record for a finding that petitioner was suffering from a mental disease or defect, or that he lacked the capacity to understand the nature and consequences of his conduct or that his conduct was wrong. See N.Y. Penal Law § 40.15. Laraby's trial counsel made a reasonable strategic decision to present a stronger defense, which required petitioner to remember and recount the attack, and explain his underlying intent which was to escape from custody. See Resp't Ex. B at 275 (Letter dated 2/7/2002 from counsel to petitioner).

For similar reasons, counsel was not constitutionally ineffective in failing to "obtain a determination of defendant's capacity to proceed", because the record does not support a conclusion that Laraby was incapacitated at the time of trial. No assertions were ever made that petitioner was not able to understand or assist in his trial. As to these claims, The Appellate Division's decision that Laraby received meaningful representation does not run afoul of the standard set forth by

<u>Strickland v. Washington</u> because there is no merit to petitioner's underlying substantive contention. <u>Williams v. U.S.</u>, Nos. 08-CV-441A, 06-CR-2A, 2009 WL 2132442 at *2 (W.D.N.Y. July 13, 2009).

Petitioner next argues that trial counsel should have moved to set aside the verdict as repugnant, and failed to do so. <u>See</u> <u>People v. Tucker</u>, 55 N.Y.2d 1, 4 (1981) ("When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury"); <u>People v. Trappier</u>, 87 N.Y.2d 55, 58 (1995) ("A verdict is inconsistent or repugnant...where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit. In order to determine whether the jury reached 'an inherently self-contradictory verdict' a court must examine the essential elements of each count as charged.").

Laraby does not contend here, nor did he argue in the state courts, that the elements of any count were charged incorrectly, or that the verdict on any count was at odds with the trial court's charge to the jury on that count. "As courts in New York have noted, 'It matters not how the jury reached its verdict or even if the verdict is logically inconsistent provided the verdict is not at odds with the charge.'" <u>Youngblood v. Conway</u>, 426 F.Supp.2d 107,

119 (W.D.N.Y.2006) (quoting <u>People v. Hankinson</u>, 119 A.D.2d 506, 508 (1st Dept. 1986); <u>see also</u>, <u>People v. Gary</u>, 162 A.D.2d 277 (1st Dept. 1990). Because it is likely that Laraby's repugnant verdict argument would not have been successful, he was not prejudiced by trial counsel's failure to object to the verdict. <u>See</u> <u>U.S. v. Arena</u>, 180 F.3d 380, 396 (2d Cir.1999)("Failure to make a meritless argument does not amount to ineffective assistance.").

Laraby's remaining grounds supporting his allegation of ineffective assistance of trial counsel amount to conclusory allegations which petitioner fails to explain, let alone establish, that counsel was ineffective for failing to preserve certain issues for appeal and failing to obtain certain documents from the prison disciplinary proceedings. Because these claims are meritless, Laraby is not entitled to habeas relief based on ineffective assistance of trial counsel. <u>See</u> <u>Rosario v. U.S.</u>, 348 F.Supp.2d 288, 294 (S.D.N.Y. 2004) ("Because the Court finds Rosario's allegations to be unsupported by the record and wholly conclusory, Rosario's ineffective assistance of counsel claim must fail.")

Petitioner's claim of ineffective assistance of trial counsel is dismissed because he has not demonstrated that counsel's conduct was deficient under <u>Strickland v. Washington</u>. As such, the Appellate Division did not render a decision that was contrary to, or an unreasonable application of clearly established federal law.

## 2.  Competency Examination

Petitioner complains that the trial court committed "procedural errors" that denied him due process when it ordered two psychiatric examinations, and did not later ensure that such exams were conducted. See Pet. ¶ 22(B), Attach. 8A. In rejecting this claim, the Appellate Division found that there was nothing in the record that provided a reasonable ground to believe that petitioner was an incapacitated person, and it interpreted the trial court's order granting petitioner's motion for a psychiatric evaluation as pertaining to a possible defense of mental disease or defect under C.P.L. § 250.10, and not as an order for a competency examination under Article 730 of the Criminal Procedure Law. People v. Laraby, 4 A.D.3d 749, 750 (4th Dept. 2004). In any event, Laraby's claim is without merit.

The Supreme Court has held that a criminal defendant has a fundamental right to be tried only while competent. Cooper v. Oklahoma, 517 U.S. 348 (1996); Drope v. Missouri, 420 U.S. 162, 171-172 (1975). Accordingly, a defendant may not be put to trial "unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. Cooper, 517 U.S. at 354 (internal quotations and citations omitted). While a defendant is entitled to adequate procedures to protect this right, a competency hearing is not

required in every case. Pate v. Robinson, 383 U.S. 375, 378 (1966) (the court must conduct an inquiry into competence whenever a bona fide doubt is raised concerning the issue). This Circuit has held that there is "an affirmative obligation on the part of the trial court to order a competency hearing *when warranted by the evidence*." Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992) (emphasis added); see also United States v. Kirsh, 54 F.3d 1062 (2d Cir. 1995) (a hearing is not required in the absence of reasonable cause to question a defendant's competency).

The Appellate Division's finding that the trial court had not ordered a competency examination under Article 730, but rather granted petitioner's application to hire a psychiatrist for purposes of affirmative defenses pursuant to C.P.L. § 250.10, is a factual determination presumed to be correct by this Court. See 28 U.S.C. § 2254(e)(1). Laraby cannot obtain relief on this claim unless he establishes that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

Petitioner's trial counsel cited his client's psychiatric history in support of a "judicial determination" of Laraby's mental competency pursuant to C.P.L. Artcile 730. Resp't Ex. B at 24. He made no specific allegations, however, that petitioner lacked the ability to communicate with counsel or to assist in his defense

that would support the need for a competency examination. Further, petitioner's testimony at trial establishes that he not only understood the proceedings, but that he was also able to assist in presenting his defense.  Through his testimony that he intended only to escape, but did not possess the intent to kill Officer Kealy, Laraby demonstrated his understanding of the nature of the charges against him and of the defense his counsel was presenting. The record supports the Appellate Division's conclusion that "[n]othing in the record provides reasonable ground to believe that the defendant was an incapacitated person." <u>People v. Laraby</u>, 4 A.D.3d 749, 750 (4th Dept. 2004) (internal quotation and ellipses omitted).   Thus, the Appellate Division's determination is consistent with the standards established in <u>Cooper</u> and <u>Pate</u>, and as applied in <u>Nicks v. United States</u>, 955 F.3d at 350. This claim is denied.

### 3.  Improper Jury Instructions

Laraby next contends that the trial court erroneously instructed the jury on the element of intent, and that the court failed to instruct the jury on each element of the charged crimes. Pet. ¶ 22(C) (Dkt. #1).  The Appellate Division declined to review these claims because they had not been preserved for appellate review. <u>Laraby</u>, 4 A.D.3d at 750 (citing C.P.L. § 470.05(2)).[5]

---

[5]  The statute, known as the "contemporaneous objection rule," requires that an objection to an alleged error be made "at the time of such ruling or instruction or at any subsequent time when the court ha[s] an opportunity of effectively changing the same." C.P.L. § 470.05(2).

Respondent argues that this claim is barred from review because the Appellate Division relied on an adequate and independent state procedural rule to dismiss the claim. Resp't Mem at 30 (Dkt. #6). The Court agrees.

Under the adequate and independent state ground doctrine, federal habeas review is precluded "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." Harris v. Reed, 489 U.S. 255, 264  n.10 (1989); accord, e.g., Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir.1990). "An adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,'" Harris, 489 U.S. at 262. Alternatively, a petitioner can demonstrate that the failure to consider the federal claim will result in a "fundamental miscarriage of justice" to overcome the procedural bar. Velasquez, 898 F.2d at 9 (quoting Murray v. Carrier, 477 U.S. 478, 495 (1986)).

Since the Appellate Division rested its decision on Laraby's failure to comply with the contemporaneous objection rule, an independent and adequate state ground, the claims are barred. See Velasquez, 898 F.2d at 8, 9 (holding violation of New York's contemporaneous objection rule is an independent and adequate state ground in failing to preserve a claim for appellate review). Petitioner has not demonstrated cause for his failure to make a

timely objection nor has he shown any resulting prejudice.[6] He has also not demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. Therefore, this Court may not review the merits of Laraby's challenge to the jury instructions claim. Ground three is accordingly dismissed.

### 4.    Justification Charge

Petitioner argues that he was denied due process and deprived of a fair trial when the court refused to instruct the jury on the affirmative defense of justification. Pet. ¶ 22(D).  When the same claim was raised on appeal, the Appellate Division rejected it on the merits, finding that there was no reasonable view of the evidence to support a finding that Laraby's actions were justified. Laraby, 4 A.D.3d at 750.

States are free to define the elements of and defenses to crimes. Apprendi v. New Jersey, 530 U.S. 466, 484-87 (2000); Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001). Because state law errors are generally not cognizable in a federal habeas proceeding, see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), when a habeas petitioner alleges that the state court erred in instructing the jury on a state law-defined defense, the petitioner must show "not only that the instruction misstated state law but also that the

---

[6] Although "cause" can be demonstrated by attorney error, petitioner has not demonstrated that his attorney's conduct was ineffective within the meaning of the Sixth Amendment (discussed *infra* Part III.B.1.) sufficient to excuse the procedural default. Larweth v. Conway, 493 F.Supp.2d 662, 672 (W.D.N.Y. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

error violated a right guaranteed . . . by federal law." <u>Casillas v. Scully</u>, 769 F.2d 60, 63 (2d Cir. 1985). Before a federal court may overturn a conviction resulting from a state trial in which an erroneous instruction was used, or a properly requested instruction as not given, it must be established that the instruction by itself "so infected the entire trial that the resulting conviction violates due process." <u>Cupp v. Naughten</u>, 414 U.S. 141, 147 (1973). In <u>Davis v. Strack</u>, the Second Circuit held that a habeas court must resolve three questions in the petitioner's favor before it may grant the writ on a claim that the state court failed to instruct the jury on a justification defense: (1) whether the petitioner was entitled to a justification charge under New York law; (2) if so, whether the failure to give such an instruction resulted in a denial of due process; and (3) if so, whether the state court's contrary conclusion constitute an unreasonable application of Supreme Court law. <u>Davis</u>, 270 F.3d at 124; <u>accord Jackson v. Edwards</u>, 404 F.3d 612 (2d Cir. 2005).

Based on the proof presented at Laraby's trial, he was not entitled to a justification charge as a matter of New York state law. <u>See</u> N.Y. Penal Law § 35.15.[7] A justification charge is

<hr/>

[7] Penal Law § 35.15 provides that a person is justified in using physical force in self-defense under the following circumstances:

1. A person may, subject to the provisions of subdivision two, use physical force upon another person when and to the extent he ... reasonably believes such to be necessary to defend himself ... or a third person from what he ... reasonably believes to be the use or imminent use of unlawful physical force by such other person, unless:

warranted, "'if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified.'" Jackson v. Edwards, 404 F.3d at 622 (quoting People v. Padgett, 60 N.Y.2d 142, 145 (1983)). When the trial evidence, viewed in the light most favorable to the accused, sufficiently supports a justification defense, the trial court "should instruct the jury as to the defense, and must when so requested." People v. Watts, 57 N.Y.2d 299, 301 (1982). When "no reasonable view of the evidence" would support a finding of a justification defense, however, a trial court is not obligated to submit it to the jury. Watts, 57 N.Y.2d at 301.

The New York Court of Appeals discussed the elements of justification in People v. Craig:

> The requirement that the conduct be "necessary as an emergency measure" to avoid the injury contemplates conduct which is not only warranted by the circumstances as an emergency response but is also reasonably calculated to

---

(a) The latter's conduct was provoked by the actor himself with intent to cause physical injury to another person; or

(b) The actor was the initial aggressor; except that in such case the use of physical force is nevertheless justifiable if the actor has withdrawn from the encounter and effectively communicated such withdrawal to such other person but the latter persists in continuing the incident by the use or threatened imminent use of unlawful physical force....

2. A person may not use deadly physical force upon another person under circumstances specified in subdivision one unless:

(a) The actor reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the actor may not use deadly physical force if he ... knows that with complete personal safety, to oneself and others he ... may avoid the necessity of so doing by retreating....

N.Y. Penal Law § 35.15.

> have an actual effect in preventing the harm.
> It rules out conduct that is tentative or only
> advisable or preferable or conduct for which
> there is a reasonable, legal alternative
> course of action. And the requirement that the
> impending injury must be "imminent" and "about
> to occur" denotes an impending harm which
> constitutes a present, immediate threat--i.e,
> a danger that is actual and at hand, not one
> that is speculative, abstract or remote.

People v. Craig, 78 N.Y.2d 616, 623 (1991).

Here, in viewing the evidence in the light most favorable to petitioner, Laraby's testimony was insufficient to warrant a justification charge under Craig. First, at the time he strangled Kealy with the call cord, he was not in danger of imminent injury that was about to occur. By his own testimony, petitioner recounted that Kealy was sitting in a chair near petitioner's bed, with his back to the petitioner at the time Kealy was attacked. T. 299-300. It was noted at trial that Laraby was "much larger" in size than Kealy. T. 151. Laraby testified that he feared for his safety upon returning to prison, enough so to justify his assault on the officer and his attempt to escape from custody. Although petitioner alleged that general threats were made by unidentified inmates, this proof is not sufficient to make out a justification defense to escape. People v. Brown, 68 A.D.2d 503, 512-13 (2d Dept. 1979) (Defendant's escape from hospital where he was undergoing treatment and was not in any imminent danger of personal injury, and whose offer of proof of threats in prison were not specific was not entitled to raise justification defense). Further, petitioner had

a "legal alternative course of action" available to him by means of protective custody in the prison facility. <u>See</u> <u>Craig</u>, 78 N.Y.2d at 623.

The facts simply do not support that Laraby was in imminent danger while confined at the Auburn Memorial Hospital. The Court agrees that no reasonable view of the evidence supports a justification defense, and due process does not require a court to give a proposed jury charge that is not supported by the evidence. <u>Blazic v. Henderson</u>, 900 F.2d 534, 541 (2d Cir. 1990). The Appellate Division's determination was not contrary to or an unreasonable application of Supreme Court precedent, and therefore this claim is dismissed.

### 5.    Insufficiency of the Evidence

In ground five of Laraby's habeas petition, he contends that "the evidence at trial was insufficient to support the jury's verdict that the defendant intended to commit murder[.]" Pet. at Attach 8B. (Dkt. #1). The Appellate Division held that the evidence was legally sufficient to support the conviction, and that the conviction was not against the weight of the evidence.[8] <u>Laraby</u>, 4 A.D.3d at 751.

---

[8] In ground five, petitioner also asserts that the verdict was against the weight of the evidence. Such claims are not cognizable on habeas review. <u>See</u> <u>Jones v. Artus</u>, 615 F.Supp.2d 77 (W.D.N.Y. 2009); <u>Estelle v. McGuire</u>, 502 U.S. 62, 68, 112 S.Ct. 475 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Under <u>Jackson v. Virginia</u>, 443 U.S. 309 (1979), a habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of his state criminal conviction. <u>See</u> <u>Einaugler v. Supreme Court of the State of New York,</u> 109 F.3d 836, 840 (2d Cir. 1997); <u>Knapp v. Leonardo</u>, 46 F.3d 170, 178 (2d Cir. 1995). When determining such a claim, a habeas court must consider the trial evidence in the light most favorable to the state, upholding the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u>, 433 U.S. at 319. Under this test, a habeas court must draw all inferences and resolve all issues of credibility in favor of the prosecution. <u>Id.</u> at 318-19, 326; <u>Bossett v. Walker</u>, 41 F.3d 825, 830 (2d Cir. 1996). It must also defer to the assessments of the weight of the evidence and credibility of witnesses that were made by the jury, and may not substitute its view of the evidence for that if the jury. <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996).

Under New York law, a person is guilty of Murder in the Second Degree when "with intent to cause the death of another person, he causes the death of such person ...". N.Y. Penal Law § 125.25(1). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00. In some cases, intent may be inferred from the act itself. <u>People v.</u>

Bracey, 41 N.Y.2d 296, 301 (1977); see also Jones v. Keane, 250
F.Supp.2d 217, 238 (W.D.N.Y. 2002) ("Intent need not be proven by
the defendant's express statement but may be inferred and
circumstantial evidence is as persuasive as direct evidence with
regard to establishing an intent to kill.")

Petitioner has failed to meet his burden of establishing that
no rational trier of fact could have found proof of his intent
beyond a reasonable doubt. The testimony of Kealy, which must be
presumed to have been credited by the jury, Jackson, 443 U.S. at
319, allowed the jury to infer Laraby's intent to kill his victim.
Petitioner pulled the call cord around the officer's neck so that
Kealy struggled to breathe, and the force of the cord lifted Kealy
up from his chair. T. 205-08. During his attack on Kealy,
petitioner attempted to take Kealy's loaded gun, and, according to
an eyewitness, violently punched the officer repeatedly in the
head. T. 149, 206-07.

The jury was free to reject petitioner's testimony that he was
merely trying to disable the officer in order to effectuate his
escape, and was justified in concluding that, had petitioner only
intended to escape and did not intent to kill Kealy, there were
other means to do so short of forcibly strangling the officer with
a cord. Accordingly, no due process issue has been raised, and
habeas relief is unwarranted on this ground.

###   6.    **Evidentiary Hearing**

In his final ground for habeas relief, Laraby complains that trial court's failure to conduct an evidentiary hearing on his C.P.L. § 440.10 motion denied him a due process right to a fair trial. Pet. at Attach. 8B.  However, the failure of a state court to hold a hearing is not, in and of itself, an independent ground for habeas relief. "[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." Jones v. Duncan, 162 F.Supp.2d 204, 217 (S.D.N.Y. 2001) ("[Petitioner's] remaining habeas ground, that the trial court's denial of his post-conviction CPL §§ 330.30 and 440.10 newly discovered evidence motions without holding a hearing constituted a denial of his constitutional due process rights (Pet.¶ 12(B)), is not cognizable on habeas review[.]") (collecting cases); Diaz v. Greiner, 110 F.Supp.2d 204, 217-18 (S.D.N.Y. 2000) ("Petitioner's unsupported assertion that the trial court denied his (third) C.P.L. § 440.10 motion without a hearing violated due process is not cognizable on habeas review.").  The Court finds that Laraby has raised no cognizable federal constitutional issue when he alleges that his due process rights were violated by the court's failure to conduct a C.P.L. § 440.10 hearing. Accordingly, this claim is dismissed.

## IV. Conclusion

For the reasons stated above, Laraby's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because the petitioner has failed to make a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g. Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                    MICHAEL A. TELESCA
                United States District Judge

Dated:      September 18, 2009
            Rochester, New York